# N. Y. SUPREME COURT.

## Amos R. Eno agt. The Mayor, &c.

*Contract — Bond — Sureties — want of publication — Assessment — action to restrain its collection.*

A resolution of the common council of the city of New York, authorizing work to be done, is required to be published in the corporation papers, and the want of publication is fatal to a contract.

The legislature cannot by an *ex post facto* law make a party liable for damages for the failure to perform a contract which at the time of its breach was void.

Where the contractor abandoned his contract in 1871, and the legislation validating the contracts took place subsequent to that time, the rights of the sureties on the bond of the contractor had become fixed and could not be affected thereby.

The municipal authorities of the city of New York are the agents of the property owners, and a bond of a contractor taken for the faithful performance of his contract is taken for their benefit, and in case of the non-fulfillment of the contract the bond should be collected, and the amount thereof applied in diminution of the assessment.

An action may be maintained by a property owner to restrain the corporation of the city of New York from collecting an assessment without crediting him with the proportionate amount of a bond given by a contractor for the faithful performance of his contract, and which he failed to perform, the work under which being done by a subsequent contractor at a much higher rate.

*Special Term, May,* 1877.

Van Brunt, *J.* — This is an action to restrain the defendants from collecting an assessment without crediting him with the proportionate amount of a bond given by a contractor for the faithful performance of his contract, and which he failed to perform, the work under which being done by a subsequent contractor at a much higher rate.

Upon a demurrer to the complaint in this action the court of appeals held that the action could be maintained, and in considering the opinion of the court of appeals it is necessary to remember that the demurrer admitted the contract with Moore to be valid, and that the defendants had a cause of action against the sureties upon his bond for his failure to perfom his contract, which they refused to enforce.

The court held that the municipal authorities were the agents of the property owners; that the bond was taken for their benefit, and it should have been collected and the amount thereof applied in diminution of the assessment. In the case now, however, the defendants claim to have shown that the resolution authorizing the work never having been published according to law, the contract was void, and the sureties upon the bond could not have been held for the failure of the contractor to perform his contract.

It is clear that if the contractor had no claim against the defendants because of the want of publication of the resolution, authorizing the work, the contract was void as to both parties, and neither could be held under it.

It has been repeatedly held that the want of publication, as required by law, was fatal to a contract.

It is claimed that the court of appeals have held, in the *Matter of Burke* (62 *N. Y.*, 225), that there was no necessity for the publication of the resolution in the New York Leader, in the year 1868. I am unable to find any such decision in the opinion rendered in that case. The court did decide that the designation of the New York Leader, as a corporation paper, in 1867, was limited to the year 1867 only. It was further held that the proceedings of the common council, which, in that case, were claimed to be invalid for want of publication, were had in 1868, and that it *did* not appear that they were not published in the papers employed in that year, nor that a new designation of the Leader had been made in 1868. It was further held, that in the absence of proof that no designation of papers had been made, it was not to be presumed

that the authorized officers had failed to make a designation of some papers as required by law.

In the case now at bar, it is expressly proven that such failure had been made, bringing it clearly within the cases out of which the want of that evidence, the court says, took the case of Burke. In the opinion of the court, rendered in this case upon the demurrer, the court held that it was the duty of the defendants to prosecute this bond; but it now appearing that the defendants having no cause of action upon the bond, clearly no duty devolves upon them to attempt to prosecute it.

But, it is claimed upon the part of the plaintiff, that even if the contract was originally void, it was validated by subsequent action of the legislature. It was somewhat difficult to see how the legislature could, by any *ex post facto* law, make a party liable for damages for the failure to perform a contract which, at the time of its breach, was void. The most that the courts have held, is that the legislature by its action has ratified the contracts made by the defendants, and that the contractor, if he has fulfilled his part of the contract, can compel the defendants to perform theirs, notwithstanding its invalidity. The contractor, Moore, abandoned his contract in June, 1871, and it was subsequent to that time that the legislation validating the contracts took place, and clearly could not affect rights which had then already become fixed.

As to the claim of the plaintiffs, that Moore was estopped from claiming that the contract was invalid, it is only necessary to say that, as it is certain that Moore could not have recovered any thing against the city, the city could not hold him to his contract. The plaintiffs further claim that they are entitled to have some deduction made for the $10,000 paid for work done upon the Moore contract. It seems to me that the acts of the legislature of the years 1872 and 1874 expressly authorize the inclusion in the assessment of any amount paid out for work done under these contracts.

The defendants are entitled to judgment, with costs.